**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., <br><br> Plaintiff, <br> v. <br><br> EASTIMPEX, et al., <br><br> Defendants / | No. C 04-4146 MMC <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST AMERICA FOOD INT'L CORP.** |

    Before the Court is plaintiff Koon Chun Hing Kee Soy & Sauce Factory's ("Koon Chun") application, filed August 1, 2006, for default judgment against defendant America Food Int'l Corp. ("AFIC"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. No opposition has been filed. Having reviewed the application, and for the reasons set forth in the application, the Court rules as follows:[1]

    1. AFIC has willfully and knowingly sold counterfeit products, specifically, hoisin sauce bearing Koon Chun's registered trademark and trade dress. Accordingly, Koon Chun has established that AFIC is liable for the federal and state law claims pleaded in the Second Amended Complaint.

    2. Koon Chun is entitled to a permanent injunction to prohibit AFIC from further engaging in acts of infringement and unfair competition pertaining to usage of Koon Chun's trademarks and trade dress. See 15 U.S.C. § 1116(a). Koon Chun shall, no later than March 2, 2007, submit a proposed form of permanent injunction.

    3. AFIC is liable to Koon Chun for the profits AFIC realized from sales of the

---

[1] By order filed August 31, 2006, the Court vacated the hearing scheduled for September 8, 2006, and took the matter under submission.

counterfeit hoisin sauce, specifically, $20,155.  See 15 U.S.C. § 1117(a).

4.  AFIC is liable for the manufacturing profits Koon Chun lost, in the amount $31,752, trebled, specifically, $95,256, because AFIC knowingly sold counterfeit goods. See 15 U.S.C. §§ 1117(a), 1117(b).[2]

5.  AFIC is jointly and severally liable with defendants L.A. Victory, Inc. and Joe P. Zhao for Koon Chun's corrective packaging expenses in the amount of $88,099.50, and for Koon Chun's corrective advertising expenses in the amount of $10,200,[3] for a total of $98,299.50, trebled, specifically, $294,898.50.  See id.

6.  In the alternative to an award based on AFIC's profits and Koon Chun's actual damages as trebled, AFIC is liable for statutory damages in the amount of $100,000.  See 15 U.S.C. § 1117(c).  As set forth in the Court's order filed concurrently herewith, after the Court has determined whether L.A. Victory, Inc. and Joe P. Zhao are entitled to an offset as to the award of actual damages, the Court will set a deadline for Koon Chun to elect to receive either an award based on profits and treble damages or an award based on statutory damages.

7.  AFIC is liable for Koon Chun's reasonable attorney's fees and costs, according to proof.  See 15 U.S.C. §§ 1117(a), 1117(b).  Koon Chun shall file a motion for an award of attorney's fees and costs and/or bill of costs no later than 14 days after entry of final judgment.  See Civil L.R. 54-1(a), 54-6(a).

**IT IS SO ORDERED.**

Dated: February 2, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] By separate order filed concurrently herewith, the Court has found Koon Chun's lost manufacturing profits associated with sales made by defendant L.A. Victory, Inc. to be $160,288.80.  By the instant application, Koon Chun seeks lost profits associated with sales by AFIC that are not resales of goods first sold by L.A. Victory.  Accordingly, there is no double recovery with respect to lost manufacturing profits.

[3] To the extent Koon Chun seeks a higher award as to corrective advertising expenses, the request is denied for the reasons stated in the Court's separate order filed concurrently herewith.

2