1   TOWNSEND AND TOWNSEND AND CREW LLP
    MARC M. GORELNIK (State Bar No. 166833)
2   TIMOTHY R. CAHN (State Bar No. 162136)
    Two Embarcadero Center, 8th Floor
3   San Francisco, California  94111
    Telephone:  (415) 576-0200
4   Facsimile:  (415) 576-0300

5   Attorneys for Plaintiff
    KOON CHUN HING KEE SOY &
6   SAUCE FACTORY, LTD.

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  KOON CHUN HING KEE SOY &              Case No.  C 04-4146 MMC
    SAUCE FACTORY, LTD., a company
    organized under the laws of Hong Kong,
13                                        **PERMANENT INJUNCTION AGAINST**
                   Plaintiff,             **DEFENDANTS L.A. VICTORY, INC.,**
14                                        **AND JOE P. ZHAO**
            v.
15
    EASTIMPEX, a California corporation, WELL
16  LUCK CO., INC., a New Jersey corporation,
    and SUPER LUCK CO., INC. a California
17  corporation; EBJ WHOLESALE
    CORPORATION, a California corporation;
18  L. A. VICTORY, INC., a California
    corporation; JOE P. ZHAO, a California
19  resident; AMERICA FOOD INT'L CORP., a
    California corporation; GIANT UNION
20  COMPANY, INC., a California corporation,

21                 Defendants.

22

23

24

25

26

27

28

[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT
AMERICA FOOD INT'L CORP.
Case No. C 04-4146 MMC

Defendants L.A. Victory, Inc., and Joe P. Zhao (also known as Simon Zhao, Simon Zhou, or Joe P. Zhou), their officers, directors, directors, principals, agents, servants, employees, attorneys, successors and assigns, and all those acting in concert or participation with them be, and they hereby are PERMANENTLY RESTRAINED from:

a) imitating, copying or making unauthorized use of the registered trademark **KOON CHUN SAUCE FACTORY and Design** ("Plaintiff's Trademark"), including affixing, applying, or annexing or using Plaintiff's Trademark in connection with any product, any designs, containers, labels, displays, signs, prints, packages, wrappers, receptacles, promotions, or advertisements bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark or any other false designation of origin, false description or representation, and from causing said products to enter into commerce, or causing or procuring the same to be transported or to be used in commerce, or delivering the same to any carrier to be transported or used in commerce;

b) manufacturing, producing, distributing, importing, accepting for consignment, shipping, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademark and/or any other trademarks so similar as to be likely to cause confusion, to cause mistake, or to deceive;

c) using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks or any terms confusingly similar thereto in connection with the importation, shipment, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product;

d) making any statement or representation or using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold by

defendants is in any manner associated or connected with the plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by the plaintiff or comes from the same source as plaintiff's goods, and from otherwise competing unfairly with plaintiff and injuring their business reputations;

e)  engaging in any other activity constituting unfair competition with plaintiff, or constituting an infringement of Plaintiff's Trademark, or any of plaintiff's rights in or to use or to exploit said trademark, or constituting any dilution of Plaintiff's Trademarks, reputation or good will;

f)  destroying, buying, selling or otherwise disposing of any merchandise bearing Plaintiff's Trademark which is not manufactured by the plaintiff, and instead delivering the same to plaintiff or to an agent authorized to act on behalf of plaintiff for destruction;

g)  with regard to non-genuine goods, destroying, transferring, secreting or otherwise disposing of any documents, books or records relating to the purchase, sale, importation or shipment of sauces or any merchandise bearing Plaintiff's Trademark or any counterfeit or simulation thereof or any other trademark so similar so as to cause confusion, mistake or deception;

h)  passing off, inducing or enabling others to pass off any counterfeit product or products bearing Plaintiff's Trademark or other trademarks so similar as to cause confusion; and

i)  assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to herein.

IT IS SO ORDERED.

Dated: March 12, 2007

_____
MAXINE M. CHESNEY
United States District Judge