IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,

       Plaintiff,

  v.

EASTIMPEX, et al.,

       Defendants

                                     /

No. C 04-4146 MMC

**ORDER RE OFFSET ACCOUNTING**

     By order filed February 2, 2007, the Court found, inter alia, that plaintiff Koon Chun Hing Kee Soy & Sauce Factory ("Koon Chun") was entitled to an award of $775,764.90 in treble damages against defendants L.A. Victory, Inc. and Joe P. Zhao (collectively, "Zhao"), less any offset to which Zhao is entitled. Additionally, the parties were directed to "submit a proposed procedure to be used by the Court in determining whether and/or in what amount an offset is available; alternatively, if the parties [were] unable to stipulate as to such procedure, the parties [were] to submit separate proposals." (See Memorandum of Decision, filed February 2, 2007, at 25:23-26.)

     Before the Court is the "Parties' Submission Re: Offset Accounting," filed March 2, 2007, in which the parties set forth differing views on the availability of, and manner of calculating, an offset. Having reviewed the parties' submission, the Court rules as follows.

     Under California law, "[w]here a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment is given in good faith before verdict or

judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . it shall reduce the claims against the others in the amount stipulated by the release, the dismissal, or the covenant, or in the amount of the consideration paid for it whichever is greater." See Cal. Civ. Code Proc. § 877.[1]

At the outset, Koon Chun argues that because the Court found Zhao to have engaged in willful infringement, he is not entitled to any reduction pursuant to § 877. Under California law, however, an intentional tortfeasor is entitled to such reduction. See Wouldridge v. Zimmerman, 21 Cal. App. 3d 656, 658-59 (1971) (holding that although intentional tortfeasor not entitled to contribution, intentional tortfeasor entitled to have monetary judgment reduced pursuant to § 877). Accordingly, the Court will review the settlement agreements to determine the proper reduction.

Zhao argues that the monetary award against him should be reduced by the total amount of the consideration received from each settling defendant. Zhao is not, however, entitled to a reduction to the extent the consideration provided by the settling defendants may be fairly allocated to Koon Chun's claim for each such defendant's profits, because each defendant is severally liable to Koon Chun for its own profits. See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F. 2d 505, 519 (9th Cir. 1985) (holding each defendant in infringement action is "severally liable for his own illegal profit," but "all infringers are jointly and severally liable for plaintiffs' actual damages"); see also Vessey v. United States, 626 F. 2d 627, 633 (9th Cir. 1980) (holding § 877 "works to prevent settlements from producing double recoveries in the case of a single injury caused by joint tortfeasors") (emphasis added). Accordingly, in reviewing the settlements, the Court will determine a proper apportionment between claims for which the settling defendants and Zhao are jointly and severally liable and claims for which each defendant's liability is several.

---

[1] The parties submit, and the Court agrees, that California law governs the issue of whether Zhao is entitled to a reduction. See, e.g., Getty Petroleum Corp. v. Island Transportation Corp., 862 F. 2d 10, 15 (2nd Cir. 1988) (holding, in trademark infringement actions, state law determines whether non-settling defendant entitled to reduction in monetary judgment based on amounts paid to plaintiff by settling defendants).

In that respect, Koon Chun represents that none of the settlement agreements sets forth an apportionment. Koon Chun has offered to submit "a calculation with citations to admitted exhibits" that would reflect each settling defendant's profits. (See Parties' Submission Re: Offset Accounting at 2:18-21.) Because such documentation may assist the Court in determining a proper apportionment, Koon Chun will be directed to submit said calculation and citations.[2]

**CONCLUSION**

For the reasons stated, Koon Chun is hereby directed to file, no later than April 6, 2007, a declaration setting forth the amount of consideration provided by each settling defendant, and attach thereto copies of the relevant settlement documents.[3] Additionally, Koon Chun shall file, no later than April 6, 2007, the above-referenced calculation and citations to evidence reflecting the profits realized by each of the settling defendants.

Alternatively, if the parties, in light of the Court's findings set forth above, are able to agree on the amount of a proper reduction, the parties may, no later than April 6, 2007, jointly submit such amount.

**IT IS SO ORDERED.**

Dated: March 12, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] Koon Chun also offers to submit a calculation of its settlement transaction costs, which costs, Koon Chun asserts, should be subtracted from the amount to which Zhao otherwise would be entitled as a reduction. Section § 877 does not, however, provide that the amount of such reduction should be offset by the plaintiff's settlement transaction costs, and Koon Chun cites no authority to support such additional subtraction. Consequently, the Court will not subtract such costs from the consideration provided by the settling defendants, and Koon Chun need not submit its calculation of such costs.

[3] Koon Chun requests permission to file the settlement agreements under seal. The Court will defer ruling on such request pending Koon Chun's submission of an Administrative Motion, pursuant to Civil Local Rule 79-5, and, in particular, a showing that each settlement agreement, or portions thereof, "is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a).