IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., <br><br> Plaintiff, <br> v. <br><br> EASTIMPEX, et al., <br><br> Defendants / | No. C 04-4146 MMC <br><br> **ORDER DENYING DEFENDANTS' MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW; VACATING HEARING** |

    In its Memorandum of Decision; Findings of Fact and Conclusions of Law, filed February 2, 2007, the Court found, inter alia, that defendants L.A. Victory, Inc. and Joe P. Zhao had waived the affirmative defense of "extenuating circumstances." (See Memorandum of Decision, filed February 2, 2007, at 21:9 - 22:5.)

    Before the Court is defendants' motion, filed March 11, 2007 and revised March 15, 2007, to amend the Court's February 2, 2007 decision, pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, by which motion defendants ask the Court to find the subject defense was not waived, and to decide the merits of the defense. Plaintiff Koon Chun Hing Kee Soy & Sauce Factory has filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the motion appropriate for decision on the papers, VACATES the hearing scheduled for April 20, 2007, and rules as follows.

The Court, for the reasons stated by plaintiff in its opposition, finds plaintiff did not implicitly consent to litigation of the defense of extenuating circumstances, and, consequently, there is no basis to amend the finding that said defense was waived.[1] (See Decision, filed February 2, 2007, at 21:19 - 22:5.)

In any event, even if the Court were to find the defense was not waived, consideration of the merits would not change the outcome. In support of the defense, defendants, in their written closing argument, in which the defense was raised for the first time, relied solely on the testimony of Zhao, who testified at trial as to his then-current financial situation. (See id. at 21:27-28, 22:26-28.) Defendants chose to offer no documentary evidence to corroborate Zhao's testimony, for example, contemporaneous bank records, recently-filed tax forms, recently-executed loan documents, recently-cancelled or recently-placed orders from customers, or any other document that might shed light on Zhao's present financial status, even though such or similar documents were wholly within defendants' control. As discussed in the Court's February 2, 2007 decision, Zhao's credibility is compromised, and the Court declines to accept as true the above-referenced uncorroborated testimony. Consequently, the Court finds defendants have failed to meet their burden of demonstrating the presence of extenuating circumstances. See Louis Vuitton S.A., 875 F. 2d 584, 590 (7th Cir.) (holding "extenuating circumstances" defense "intended for extreme cases," for example, where "imposition of treble damages would mean the defendant would be unable to support his or her family"); see also Levi Strauss & Co. v. Shilon, 121 F. 3d 1309, 1314 (9th Cir.1997) (citing favorably to Louis Vuitton S.A.; stating "extenuating circumstances" defense is "extremely narrow").

---

[1] Defendants' reliance on testimony given by Joe P. Zhao ("Zhao") at his deposition is unpersuasive; each excerpt on which defendants rely involves Zhao's giving a non-responsive answer to a question that did not pertain to the defense of extenuating circumstances. Defendants' reliance on their having provided various bank statements to plaintiff, in response to discovery requests, likewise is unpersuasive; such documents pertained to the claimed unlawful profits realized by defendants at the time of the transactions at issue, not to Zhao's financial status at or around the time of trial, the time period relevant to the issue of whether imposition of treble damages would result in Zhao's inability to support his family.

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 17, 2007

_____
MAXINE M. CHESNEY
United States District Judge