IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,

        Plaintiff,

  v.

EASTIMPEX, et al.,

        Defendants
                                         /

No. C 04-4146 MMC

**ORDER DETERMINING AMOUNT OF OFFSET; DIRECTING PLAINTIFF TO ELECT WHETHER TO RECEIVE AWARD BASED ON PROFITS AND TREBLE DAMAGES OR STATUTORY DAMAGES**

      By a memorandum of decision filed February 2, 2007, the Court found plaintiff Koon Chun Hing Kee Soy & Sauce Factory ("Koon Chun") was entitled to an award of treble damages in the amount of $775,764.90 as against defendants L.A. Victory, Inc. and Joe P. Zhao (collectively, "Zhao"), less any offset to which Zhao is entitled in light of settlement payments received by Koon Chun from other defendants. In said decision, the Court further stated that after the amount of any available offset had been determined, the Court would set a deadline for Koon Chun to elect to receive an award based on profits and treble damages or an award based on statutory damages. By order filed March 12, 2007, the Court found Zhao was entitled to an offset under § 877 of the California Code of Civil Procedure,[1] and directed Koon Chun to file a declaration along with copies of the

---

[1] As set forth in the Court's order of March 12, 2007, the parties submit, and the Court agrees, that California law governs the issue of whether Zhao is entitled to such deduction. See, e.g., Getty Petroleum Corp. v. Island Transportation Corp., 862 F. 2d 10,

settlement agreements.

Now before the Court is the Declaration of Marc M. Gorelnik Re: Consideration From Settling Defendants, filed April 6, 2007.  Having reviewed said declaration and exhibits attached thereto, the Court rules as follows.

In its complaint, Koon Chun alleges claims for damages, for which all defendants are jointly and severally liable to Koon Chun, as well as claims for the ill-gotten profits realized by each defendant, for which each defendant is severally liable to Koon Chun.  See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F. 2d 505, 519 (9th Cir. 1985) (holding each defendant in infringement action is "severally liable for his own illegal profit," but "all infringers are jointly and severally liable for plaintiffs' actual damages").  Each of the settlements involved payment of an undifferentiated lump sum, and no party has requested that the Court make a finding of good faith as to any of the settlements.  Consequently, the Court must, as to each settlement, determine an appropriate allocation between the two types of claims alleged by plaintiff.

With respect to settling defendants Eastimpex and EBJ Wholesale Corporation (collectively, "Eastimpex"), Koon Chun concedes Eastimpex received no profits from Eastimpex's sales of the counterfeit goods at issue herein, and, consequently, that Koon Chun had no claim against Eastimpex for disgorgement of profits.  Accordingly, and as Koon Chun suggests, the Court will allocate 100% of the settlement funds received from Eastimpex to the claims for which the settling defendants and Zhao are alleged to be jointly and severally liable.

With respect to settling defendants Well Luck Co., Inc., and Super Luck Co., Inc. (collectively, "Well Luck") and Giant Union Company, Inc. ("Giant Union"), Koon Chun offers evidence to support a finding that said defendants realized profits from sales of the subject counterfeit goods and thus that Koon Chun had a viable claim against each such

---

15 (2nd Cir. 1988) (holding, in trademark infringement actions, state law determines whether non-settling defendant entitled to reduction of monetary judgment based on amounts paid to plaintiff by settling defendants).

1  settling defendant for disgorgement of profits. To determine a proper allocation between
2  the settlement amounts attributable to the claims for damages and to the claims for ill-
3  gotten profits, Koon Chun argues the Court should first determine the amount of profits
4  realized by each defendant, then subtract that amount from the total settlement amount
5  paid by such defendant, and, finally, allocate any remaining amount to the claims for which
6  the settling defendants and Zhao are alleged to be jointly and severally liable. Under this
7  approach, the Court would be allocating the largest amount possible to claims for which the
8  settling defendants are alleged to be severally liable and thus the smallest amount possible
9  to claims for which the settling defendants are alleged to be jointly and several liable. For
10 the reasons set forth below, the Court declines to adopt Koon Chun's proposed plan of
11 allocation.
12     At the outset, as one court has observed, ex post facto allocations by plaintiffs are
13 often "prejudicial to a nonsettling defendant." See Greathouse v. Amcord, Inc., 35 Cal.
14 App. 4th 831, 838, 841 (1995). Indeed, Koon Chun's proposed method would result in a
15 wholly artificial allocation. Necessarily implicit in Koon Chun's proposed plan of allocation
16 is that Well Luck and Giant Union, while settling the claims for damages at what appears to
17 be a substantial discount, settled the claims for ill-gotten profits at essentially no discount, a
18 highly unlikely event. To avoid such arbitrary apportionment, the Court finds a proper
19 allocation should, to the extent possible, "mirror" the allocation made at trial by the trier of
20 fact. See, e.g., Jones v. John Crane, Inc., 132 Cal. App. 4th 990, 1006 (2005) (holding, in
21 context of personal injury action, trial court properly allocated 23% of settlement payments
22 to plaintiff's claims for economic damages in light of jury's finding that 23% of plaintiff's total
23 damages constituted economic losses).
24     Here, after a bench trial, the Court found Koon Chun's actual damages resulting
25 from the subject infringing sales to be $258,588.30, and found the illegal profits Zhao
26 realized from those sales to be $78,856.49. Thus, 76.63% of Koon Chun's total award at
27 trial, before trebling, is attributable to claims for which the settling defendants are alleged to
28 be, with Zhao, jointly and severally liable to Koon Chun. As to the settlement payments

made by Well Luck and Giant Union, however, an exact "mirror" of such apportionment would not be appropriate because, unlike a personal injury action in which the plaintiff's claims for damages are based solely on the plaintiff's own losses, a trademark infringement plaintiff is entitled to recover not only its own losses, i.e., damages based on an injury to which all defendants contributed, but also each individual defendant's ill-gotten profits, the latter of which may vary significantly from defendant to defendant.  Indeed, as noted above, Koon Chun had no claim against Eastimpex for ill-gotten profits, whereas Koon Chun established at trial that it was entitled to profits realized by Zhao in the amount of $78,856.49.  Consequently, the Court finds the appropriate method of allocation as to each settling defendant is to (1) determine the amount of illegal profits realized by such defendant, (2) add that figure to the total of Koon Chun's damages as established at trial, specifically, $258,588.30, (3) divide $258,588.30 by that total, and (4) multiply that defendant's settlement payment by the percentage so calculated.  The resulting amount represents the portion of said defendant's settlement payment allocated to Koon Chun's claims for damages and, consequently, the amount of offset available to Zhao.

Applying such method to the settlement payment Koon Chun received from Well Luck, the Court finds Well Luck's profits were, for the reasons stated by Koon Chun, $4523, (see Gorelnik Decl., filed April 6, 2007, ¶ 7), that the total of Koon Chun's damages and Well Luck's profits is $263,111.30, and that Koon Chun's damages constitute 98.28% of said total.[2]  Accordingly, Zhao is entitled to an offset of 98.28% of the amount Koon Chun received from Well Luck.[3]

---

[2] As discussed above, Koon Chun's damages constitute 76.63% of plaintiff's total award against Zhao, before trebling, in contrast to the 98.28% figure calculated for Well Luck.  The primary reason for this differential is that Zhao did not pay a market price for the counterfeit goods, whereas Well Luck apparently did.

[3] By order filed April 10, 2007, the Court granted Koon Chun's motion to file unredacted versions of the settlement agreements under seal; the redacted declaration filed in the public record does not include the amount of consideration Koon Chun received from each of the settling defendants.  Accordingly, the Court, in an addendum to the instant order, filed concurrently herewith and under seal, has set forth the details as to its calculations.

4

With respect to Giant Union, the Court does not adopt the amount Koon Chun argues represents the amount of profits realized by said defendant. In particular, the Court finds Koon Chun's figure overstates such profits by $31,700. Although, as Koon Chun points out, Giant Union left unpaid a balance of $31,700 owed to Zhao, the Court, in its memorandum of decision filed February 2, 2007, found Zhao received from Giant Union the non-cash equivalent of such sum. (See Memorandum of Decision, filed February 2, 2007, at 8; see also Defs.' Closing Argument and Brief, filed June 29, 2006, ¶ 106; Pl.'s Closing Argument, filed June 30, 2006, at 31:12-13.) Consequently, the Court finds the profit realized by Giant Union is the amount set forth by Koon Chun, (see Gorelnik Decl., filed April 6, 2007, ¶ 8), less $31,700.[4]

In light of the above, and as set forth in the Addendum filed concurrently herewith under seal, the Court finds the total offset available to Zhao is $22,682.30. Said amount represents 100% of the settlement payment made by Eastimpex, 98.28% of the settlement payment made by Well Luck, and the appropriate percentage of the settlement payment made by Giant Union.

As noted, the Court, in the above-referenced memorandum of decision, found Koon Chun is entitled to an award of $775,764.90 in treble damages against Zhao, less any offset to which Zhao is entitled. Because the appropriate offset is, as discussed above, $22,682.30, Koon Chun is entitled to an award of $753,082.60 in treble damages against Zhao.

**CONCLUSION**

For the reasons stated:

1. Koon Chun is entitled to an award of $753,082.60 in treble damages against Zhao.

---

[4] By order filed April 10, 2007, the Court granted plaintiff's motion to file unredacted versions of the settlement agreements under seal; the redacted declaration filed in the public record does not include the amount of ill-gotten profits Koon Chun asserts Giant Union realized. Accordingly, the Court, in an addendum to the instant order filed concurrently herewith and under seal, has set forth the details as to its calculations.

2. No later than May 11, 2007, Koon Chun shall file a statement indicating whether it elects to receive, as against Zhao and against defendant America Food Int'l Corp., an award based on profits and treble damages or an award based on statutory damages.

3. After receipt of Koon Chun's statement of election, the Court will direct the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: May 1, 2007

_____
MAXINE M. CHESNEY
United States District Judge