IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., <br><br> Plaintiff, <br> v. <br><br> EASTIMPEX, et al., <br><br> Defendants / | No. C 04-4146 MMC <br><br> **ORDER VACATING JUNE 29, 2007 HEARING ON PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING AS MOOT DEFENDANTS' MOTION TO APPEAR BY TELEPHONE; SETTING FURTHER BRIEFING SCHEDULE** |

Before the Court is plaintiff's "Motion Re: Proof of Plaintiff's Attorney's Fees and Costs," filed May 22, 2007.  Defendants L.A. Victory, Inc. and Joe P. Zhao (collectively, "Zhao") have filed opposition, to which plaintiff has replied.  Having reviewed the papers filed in support of and in opposition to the motion, the Court finds, for the reasons set forth below, that supplemental briefing is necessary and, accordingly VACATES the hearing scheduled for June 29, 2007 and sets a further briefing schedule.[1]

Plaintiff seeks an award of attorney's fees in the amount of $774,019.33 and costs in the amount of $105,008.98, for a total award of $879,028.31.  Plaintiff further seeks an award directing that such total award be entered against Zhao and defendant America Food International Corp. ("AFIC"), jointly and severally.

---

[1] Zhao's "Motion for Permission to Appear by Telephone at Plaintiff's Motion for Attorneys Fees and Costs on June 29, 2007" is DENIED as moot.

As Zhao points out in his opposition, plaintiff has not attempted to apportion the total fees and costs it incurred in connection with the instant litigation. Specifically, plaintiff has not identified the portion of those fees and costs that were incurred to prosecute its claims against Zhao, as distinguished from the portion of those fees and costs it incurred to prosecute its claims against the other defendants, namely, AFIC, Eastimpex, EBJ Wholesale Corporation, Well Luck Co., Inc., Super Luck Co., Inc. and Giant Union Company, Inc. Plaintiff, in its reply, does not directly address Zhao's argument, although plaintiff appears to assert that Zhao is jointly and severally liable for all fees and costs incurred, irrespective of whether the fees and costs were incurred with respect to plaintiff's claims against Zhao. Plaintiff cites no authority for such proposition, and the Court has found none.

Although there may exist certain expenditures that are fairly attributable to the claims against all defendants, for example, the filing fee, there exist other fees and costs not properly attributable to plaintiff's claims against Zhao. To take but two examples, plaintiff seeks to recover attorney's fees incurred to prepare and file a court document "requesting that the settlement deadline be extended to June 24 [2005] due to Giant Union's delay in executing that Settlement Agreement," (see Gorelnik Decl., filed May 21, 2007, Ex. C at 20), and fees incurred to prepare and file a motion for default judgment against AFIC, (see id. Ex. C at 30). Plaintiff cites no reason why such fees can be said to have been incurred to prosecute plaintiff's claims against Zhao, and no reason is apparent.[2]

Consequently, the Court agrees with Zhao that plaintiff must provide an apportionment between the amount of the fees and costs incurred to prosecute its claims against Zhao and the amount of fees and costs incurred to prosecute its claims against the other defendants. See, e.g., Cairns v. Franklin Mint Co., 292 F. 3d 1139, 1157 (9th Cir.

---

[2] Similarly, with respect to AFIC, plaintiff cites no authority to support its argument that AFIC is liable for the entirety of the fees and costs incurred, for example, that AFIC is liable for the fees and costs plaintiff incurred to prosecute its claims against Zhao at trial.

2002) (holding where district court awarded defendant fees as to some but not all trademark infringement claims asserted against it, district court properly "adjust[ed] fee award in an effort to reflect an apportionment" between recoverable and non-recoverable claims). To the extent plaintiff is of the view that certain fees and costs cannot be apportioned among the defendants, either because they were equally applicable to all defendants or for other reasons, plaintiff shall set forth its basis for such position. See Gracie v. Gracie, 217 F. 3d 1060, 1069-70 (9th Cir. 2000) (holding party cannot recover attorney fees incurred in litigating non-recoverable claim unless recoverable and non-recoverable claims are "so intertwined that it is impossible to differentiate between work done on claims"; observing, however, "impossibility of making an exact apportionment does not relieve the district court of its duty to make some attempt to adjust the fee award in an effort to reflect an apportionment").

Additionally, the Court agrees with Zhao that plaintiff has not provided a sufficient explanation of the work described as "confer," "conference," "telephone," "teleconf," or similar terms referring to a meeting, to the extent plaintiff does not provide, even in general terms, the subject of the conference or meeting.[3]

Accordingly, plaintiff is hereby afforded leave to file, no later than July 20, 2007, a supplemental declaration to set forth a proposed apportionment of fees, specifically, to set forth the fees and costs attributable to plaintiff's claims against Zhao and the fees and costs attributable to plaintiff's claims against AFIC, and, further, to provide a sufficient explanation of the work described solely as "confer," "conference," "telephone," "teleconf," or similar terms referring to a meeting.

Defendants may file, no later than August 3, 2007, a supplemental opposition.

As of August 3, 2007, the matter will be deemed under submission; if, after considering the supplemental filings, the Court is of the view that oral argument would be of

---

[3] In some instances, plaintiff has identified the general nature of certain meetings for which it seeks to recover attorney's fees, for example, "[c]onfer with Mr. Gorelnik re: pretrial action items." (See Gorelnik Decl. Ex. C at 1 (referring to work performed March 30, 2006).) Zhao has not challenged the sufficiency of such descriptions.

3

assistance, the Court will set a hearing at which all parties shall personally appear.

**IT IS SO ORDERED.**

Dated:  June 26, 2007

MAXINE M. CHESNEY
United States District Judge