IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,<br><br>　　　　Plaintiff,<br>　v.<br><br>EASTIMPEX, et al.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　／ | No. C 04-4146 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS** |

　　　　Before the Court is plaintiff Koon Chun Hing Kee Soy & Sauce Factory's ("Koon Chun") "Motion Re: Proof of Plaintiff's Attorney's Fees and Costs," filed May 22, 2007, by which Koon Chun seeks fees and costs pursuant to 15 U.S.C. § 1117(a). Defendants L.A. Victory, Inc. and Joe P. Zhao (collectively, "Zhao") have filed opposition, to which Koon Chun has replied. By order filed June 26, 2007, the Court directed the parties to file supplemental briefing, which the parties subsequently filed. Having reviewed the papers filed in support of and in opposition to the motion, including the parties' supplemental briefs, the Court rules as follows.

　　　　Koon Chun seeks an award of attorney's fees in the amount of $774,019.33 and costs in the amount of $105,008.98, for a total award of $879,028.31. Koon Chun further seeks an award directing that such total award be entered against Zhao and defendant

America Food International Corp. ("AFIC")[1], jointly and severally.  As stated in its order of June 26, 2007, the Court finds Koon Chun is not entitled to such award, but, rather, is entitled, as against Zhao, to the reasonable fees and costs it incurred in prosecuting its claims against Zhao, and is entitled, as against AFIC, to the reasonable fees and costs it incurred in prosecuting its claims against AFIC.  Accordingly, to the extent Koon Chun seeks a total award of $879,028.31 against Zhao and AFIC, jointly and severally, the motion is hereby DENIED.

In its supplemental briefing, Koon Chun has provided a proposed apportionment of fees and costs and has provided additional clarification as to the nature of certain work performed by its counsel.  In his supplemental opposition, Zhao states he "has no quarrel with the identification of the work and the apportionment," (see Zhao's Supp. Opp., filed August 2, 2007, at 2:2-3), but opposes an award based on certain types of costs, on the ground said costs are not recoverable.

The Court, having reviewed the declarations submitted by Koon Chun, finds the nature of the work performed and the proposed apportionment as to fees to be fair and reasonable.  Accordingly, to the extent Koon Chun seeks an award of fees based on the apportionment set forth in its supplemental briefing, the motion is hereby GRANTED.  Specifically, the Court finds Koon Chun is entitled to an award of fees in the amount of $711,648.99 against Zhao, and an award of fees in the amount of $20,630.44 against AFIC.  (See Supp. Gorelnik Decl., filed July 20, 2007, Ex. 2.)

With respect to costs, although Zhao does not challenge the proposed apportionment made by Koon Chun, Zhao argues Koon Chun should not be awarded "both attorneys fees and overhead disguised as costs" because such award would result in a "double recovery," (see Zhao's Supp. Opp. at 2:11-12); the categories of costs challenged on such ground are postage, telephone bills, copying, Federal Express charges, transportation, meals, and computer research charges.  Koon Chun has demonstrated,

---

[1] Default judgment has been entered against AFIC, which has not appeared herein.

however, that each cost it seeks herein was billed to the client.  (See Gorelnik Decl., filed May 21, 2007, ¶ 6; Supp. Gorelnik Decl. Ex. 3.)  Moreover, to the extent Zhao may be arguing that the challenged categories of costs are not recoverable under § 1117(a) even if billed to the client, the Court disagrees.  See Davis v. City and County of San Francisco, 976 F. 2d 1536, 1556 (9th Cir. 1992) (holding "attorneys' fees awards [under fee-shifting statutes] can include reimbursement for out-of-pocket expenses including the travel, courier and copying costs that [are] incurred"); In re Continental Illinois Securities Litigation, 962 F.2d 566, 570 (7th Cir. 1992) (holding district court erred in not awarding computer research costs under fee-shifting statute because "the market – the paying, arms' length market – reimburses lawyers' LEXIS and WESTLAW expenses").

Having reviewed the declarations filed by Koon Chun, the Court finds both the nature of the costs incurred and the proposed apportionment to be fair and reasonable.  Accordingly, to the extent Koon Chun seeks an award of costs based on the apportionment set forth in its supplemental briefing, the motion is hereby GRANTED.  Specifically, the Court finds that Koon Chun is entitled to an award of costs in the amount $100,195.48 against Zhao, and an award of costs in the amount of $2848.19 against AFIC.  (See Supp. Gorelnik Decl. Ex. 3.)

**CONCLUSION**

For the reasons stated, Koon Chun's motion for an award of fees and costs is hereby GRANTED in part and DENIED in part, as follows:

1. As against Zhao, Koon Chun is awarded fees in the amount of $711,648.99 and costs in the amount of $100,195.48, for a total of $811,844.47.

2. As against AFIC, Koon Chun is awarded fees in the amount of $20,630.44 and costs in the amount of $2848.19, for a total of $23,478.63

3. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 10, 2007

MAXINE M. CHESNEY
United States District Judge